**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | |
|---|---|
| JENNIFER DAWN JONES, Individually ) and as Administrator of the Estate ) of ROBERT GARY JONES, Deceased, ) ) Plaintiff, ) ) vs. ) ) TELEDYNE CONTINENTAL MOTORS, ) INC., a Delaware corporation; ) HARTZELL PROPELLER, INC., a Ohio ) corporation; LANCAIR ) INTERNATIONAL, INC., a Oregon ) corporation; PENN YAN AERO ) SERVICE, INC., a New York ) corporation; EDWARD I. SMITH, an ) individual; and DOES 1 through 10, ) inclusive, ) ) Defendants. ) ) | Civil Action No.:  9:10-CV-2546-SB  **COMPLAINT** **JURY TRIAL DEMANDED** |

Plaintiff Jennifer Dawn Jones, individually and as Administrator of the Estate of Robert Gary Jones, Deceased, by counsel, and for her Complaint alleges as follows upon information and belief:

<u>**Introduction**</u>

1.     On March 15, 2010, Robert Gary Jones was jogging on the beach in Hilton Head, South Carolina when he was run down and killed by an airplane attempting to make an emergency landing. At the time of his death, he was 38 years old, in excellent health and a successful Senior Account Manager for one

1

of the largest pharmaceutical companies in the world. Bob Jones is survived by his wife, Jennifer Dawn Jones, and their two small children, Christopher and Haven. This action is brought for their loss.

### The Parties

2.    Plaintiff Jennifer Dawn Jones (hereinafter referred to as "Plaintiff" or "Mrs. Jones") is an individual and a citizen and resident of the State of Georgia. Mrs. Jones brings this action both individually and as the Administrator of the Estate of Robert Gary Jones, Deceased. Mrs. Jones is the widow of Robert Gary Jones (hereinafter referred to as "Bob Jones") and mother of their minor children, Christopher (age 6) and Haven (age 3).

3.    Defendant Teledyne Continental Motors, Inc. (hereinafter referred to as "TCM") is believed and therefore averred to be a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Mobile, Alabama and doing business throughout the United States, including the State of South Carolina. Upon information and belief, Defendant TCM designed, assembled and manufactured the engine and its components in a certain Lancair IV-P aircraft with FAA reg. no. N9JE (hereinafter referred to as "the Accident Aircraft"), and also generated service bulletins for said engine and its components.

4.    Defendant Hartzell Propeller, Inc. (hereinafter referred to as "Hartzell") is believed and therefore averred to be a corporation organized and existing under the laws of the State of Ohio with its principal place of business

2

in Piqua, Ohio and doing business throughout the United States, including the State of South Carolina. Upon information and belief, Defendant Hartzell designed, assembled and manufactured the propeller in the Accident Aircraft.

5.    Defendant Lancair International, Inc. (hereinafter referred to as "Lancair") is believed and therefore averred to be a corporation organized and existing under the laws of the State of Oregon with its principal place of business in Redmond, Oregon and doing business throughout the United States, including the State of South Carolina. Upon information and belief, Defendant Lancair designed, assembled, and manufactured parts and components of the Accident Aircraft and generated assembly instructions for the Accident Aircraft. Lancair also published technical bulletins which advised purchasers of its aircrafts as to which engine and which propeller were to be used in connection with various Lancair models, including the Accident Aircraft.

6.    Defendant Penn Yan Aero Service, Inc. (hereinafter referred to as "Penn Yan") is believed and therefore averred to be a corporation organized and existing under the laws of the State of New York with its principal place of business in Penn Yan, New York. Upon information and belief, Defendant Penn Yan inspected, repaired and serviced the engine and components in the Accident Aircraft.

7.    Defendant Edward I. Smith (hereinafter referred to as "Smith") is believed and therefore averred to be an individual and a citizen and resident of

the State of Virginia. Upon information and believe, Defendant Smith is the owner and pilot of the Accident Aircraft that killed Bob Jones. Further, upon information and belief, Defendant Smith assembled, maintained, inspected, certified, repaired and operated the Accident Aircraft as alleged herein.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 10, inclusive, are unknown to Mrs. Jones at this time, who therefore sues said Doe Defendants by such fictitious names and will ask leave of the Court to amend this complaint to show the true names, capacities, and involvement when the same have been ascertained. Mrs. Jones is informed and believes and thereon alleges that each of the Defendants designated herein as a Doe is responsible in some manner for the events and happenings herein referred to and which proximately caused the damages as hereinafter are alleged.

9.    Plaintiff believes and therefore avers that at all times mentioned herein, the Defendants, and each of them, including DOES I through 10, were the agents and employees of each of the remaining Defendants, and in doing the things hereinafter specified, were acting within the course and scope of said agency and employment, and on behalf of, and with the knowledge, consent, permission, and ratification (expressed, implied, actual and/or apparent) of each of the remaining Defendants.

## Jurisdiction and Venue

10.    This Court has subject matter jurisdiction over this action by way

4

of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy on the claims herein exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

11.    This Court has personal jurisdiction over all of the Defendants in this action by way of S.C. Code Ann. § 36-2-803. At all times pertinent herein, Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10, and each of them, are subject to jurisdiction of this Court and transacted business within the State of South Carolina. Plaintiff further alleges that Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10, and each of them, are subject to jurisdiction of this Court in that they committed a tortuous act in whole or in part in the State of South Carolina. Alternatively, Plaintiff alleges that Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10, and each of them, are subject to jurisdiction of this Court by causing the death of Bob Jones in the State of South Carolina from an act or omission outside this State while Defendants regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in this State.  Plaintiff further believes and therefore avers that Defendants TCM, Hartzell, Lancair and DOES 1 through 10 produced, manufactured or distributed goods with the reasonable expectation that those goods would be used or consumed in the State of South Carolina or are so

5

used or consumed. In engaging in said conduct, Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10, individually, and through agents, have purposefully availed themselves of the privilege of conducting activities within the State of South Carolina and such activities and contacts, individually, and through their agents, specifically related to the Accident Aircraft and the death of Bob Jones in the State of South Carolina.

12.    Venue is proper in this judicial division as the cause of action arose in this district in the State of South Carolina.

### FIRST CAUSE OF ACTION
### Wrongful Death – Negligence
### (By Plaintiff, as Administrator of the Estate of Robert Gary Jones, Deceased, against Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10)

13.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

14.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-51-10, *et seq.,* for the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

15.    Plaintiff believes and therefore avers that Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10 had a duty to exercise reasonable care in regard to the design, testing, manufacture, installation, assembly, maintenance, inspection, repair, overhaul and operation of the Accident Aircraft, its engine, crankshaft, propeller, components and parts, as well as the preparation of the various instructional and product support

materials.

16. Plaintiff believes and therefore avers that Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10 breached their duty by:

a) Failing to reasonably test, design and manufacture the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

b) Failing to reasonably notify and adequately warn of defects and/or reasonably and adequately represent the true nature of defects in the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

c) Failing to warn of the dangerous propensities of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

d) Failing to correct known defects in the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

e) Unreasonably certifying as airworthy the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

f) Negligently and carelessly performing and/or misrepresenting the status of the maintenance, repair, overhaul, inspection, certification, installation, and testing of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

g) Negligently and carelessly entrusting the maintenance repair, overhaul, inspection, and certification of the Accident Aircraft, its engine, crankshaft, propeller, components and parts, and the installation of

7

these components to entities and individuals incapable of properly performing the requisite maintenance and who in fact, did improperly and negligently perform these activities on the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

h)     Negligently and carelessly failing to monitor the overhaul, maintenance, inspection, and repair activity conducted on the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

i)     Negligently and carelessly failing to follow maintenance instructions relating to the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

j)     Negligently and carelessly failing to follow generally accepted maintenance and overhaul techniques for the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

k)     Negligently and carelessly failing to inspect the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

l)     Negligently and carelessly failing to follow the Federal Aviation Regulations with respect to the overhaul, maintenance, and return to service of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

m)     Negligently and carelessly failing to correct known defects in the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

n)     Negligently and carelessly returning the Accident Aircraft, its

8

engine, crankshaft, propeller, components and parts to service;

     o)    Negligently and carelessly representing that the Accident Aircraft, its engine, crankshaft, propeller, components and parts were in an airworthy condition;

     p)    Negligently and carelessly failing to maintain due care under the circumstances regarding known deficiencies of the Accident Aircraft, its engine, crankshaft, propeller, components and parts; and

     q)    Negligently and carelessly failing to use due care in the operation and landing of the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

17. As a direct and proximate result of one or more of the aforementioned negligent acts, Bob Jones suffered serious injury which resulted in death. As a result, Mrs. Jones and her minor children with Bob Jones have suffered great losses including, but not limited to, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, aid, society and services, loss of Bob Jones' experience, knowledge, judgment, advice, guidance, tutelage, counsel, services and support, loss of life's pleasures, loss of Bob Jones' protection and loss of education and training to his children, and the pecuniary value of the loss of all such services and support, loss of income and financial support, loss of earning capacity, funeral and interment expenses, estate expenses, additional costs of household maintenance, and any and all such other damages as are provided for or may be provided by the applicable

law.

18.    WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. Plaintiff also prays for any and all such other relief as the proof may show and the Court deems appropriate.

## SECOND CAUSE OF ACTION
### Wrongful Death - Strict Liability
**(By Plaintiff, as Administrator of the Estate of Robert Gary Jones, Deceased, against Defendants TCM, Hartzell, Lancair and DOES 1 through 10)**

19.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

20.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-51-10, *et seq.,* for the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

21.    Plaintiff believes and therefore avers that Defendants TCM, Hartzell, Lancair and DOES 1 through 10 were in the business of designing, manufacturing, overhauling, maintaining and assembling aircraft, aircraft engines, crankshafts, and propellers, as well as their components, parts, accessories, hardware, and product support materials.

22.    Plaintiff believes and therefore avers that Defendants supplied and

10

sold their products, including the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

23.    Plaintiff believes and therefore avers that the products supplied and sold by the Defendants were in the same or substantially similar condition as they were at the time they were designed and manufactured.

24.    Plaintiff believes and therefore avers that at all times material herein, the Accident Aircraft, its engine, crankshaft, propeller, components and parts were defective, resulting in an unreasonably dangerous condition which was a substantial factor and proximate cause in the happening of the instant accident.

25.    Plaintiff believes and therefore avers that the Accident Aircraft, its engine, crankshaft, propeller, components and parts were manufactured, designed, distributed, supplied, assembled, installed and/or sold by the Defendants in a defective and unreasonably dangerous condition. The defective and unreasonably dangerous condition resulted from defective manufacture and/or defective design and/or assembly and/or installation and/or failure to provide adequate warnings, and necessary installation and maintenance instructions including, but not limited to the following:

a)    Defective and inadequate instructions, warning, and information concerning the service life, repair and/or inspection requirements of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

11

b)    Defective design and/or manufacture of the Accident Aircraft, its engine, crankshaft, propeller, components and parts; and

c)    Defective and inadequate warnings concerning failures of the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

26.    As a direct and proximate result of one or more of the aforementioned defects, Bob Jones suffered serious injury which resulted in death. As a result, Mrs. Jones and her minor children with Bob Jones have suffered great losses including, but not limited to, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, aid, society and services, loss of Bob Jones' experience, knowledge, judgment, advice, guidance, tutelage, counsel, services and support, loss of life's pleasures, loss of Bob Jones' protection and loss of education and training to his children, and the pecuniary value of the loss of all such services and support, loss of income and financial support, loss of earning capacity, funeral and interment expenses, estate expenses, additional costs of household maintenance, and any and all such other damages as are provided for or may be provided by the applicable law.

27.    WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities.

Plaintiff also prays for any and all such other relief as the proof may show and the Court deems appropriate.

**THIRD CAUSE OF ACTION**
**Wrongful Death - Reckless, Willful or Malicious Conduct**
**(By Plaintiff, as Administrator of the Estate of Robert Gary Jones, Deceased,
against Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and
DOES 1 through 10)**

28.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

29.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-51-10, *et seq.,* for the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

30.    Plaintiff believes and therefore avers that the conduct of Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10, and each of them, in causing Bob Jones to suffer serious injury which resulted in death was reckless, willful or undertaken with malice in that Defendants knew at all times that a failure of the Accident Aircraft, its engine, crankshaft, propeller, components and parts would result in a catastrophic failure with the substantial likelihood of serious bodily injury or death.

31.    Plaintiff believes and therefore avers that the Defendants were aware of incidents and occurrences in the past of failures of similar aircrafts and their engines, crankshafts, propellers, components and parts, which caused catastrophic failure and did result in serious personal injury or death. Plaintiff further believes and therefore avers that all Defendants knew there was a

problem existing with similar aircrafts and their engines, crankshafts, propellers, components and parts.

32.    Despite this knowledge, Defendants failed to take steps to avoid the high degree of risk of catastrophic failure with the substantial likelihood of serious bodily injury or death. Had Defendants used minimal skills, exercised minimal effort, or considered seriously the high degree of risk of catastrophic failure with the substantial likelihood of serious bodily injury or death, or given the slightest consideration to the probability of death or serious bodily injury, they would not have recklessly, willfully or maliciously disregarded the serious risk of failure of the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

33.    As a result of the reckless, willful and malicious conduct of Defendants, Bob Jones suffered serious injury which resulted in his death. As a result, Mrs. Jones and her minor children with Bob Jones have suffered great losses including, but not limited to, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, aid, society and services, loss of Bob Jones' experience, knowledge, judgment, advice, guidance, tutelage, counsel, services and support, loss of life's pleasures, loss of Bob Jones' protection and loss of education and training to his children, and the pecuniary value of the loss of all such services and support, loss of income and financial support, loss of earning capacity, funeral and interment expenses, estate expenses, additional costs of household maintenance, and any and all such

other damages as are provided for or may be provided by the applicable law.

34.    WHEREFORE, Plaintiff prays that any judgment against Defendants, and each of them, include an award for punitive damages under S.C. Ann. Code § 15-51-40, the exact amount to be determined at trial, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. Plaintiff also prays for any and all such other relief as the proof may show and the Court deems appropriate.

### FOURTH CAUSE OF ACTION
**Wrongful Death - Absolute Liability**
**(By Plaintiff, both individually and as Administrator of the Estate of Robert Gary Jones, Deceased, against Defendant Smith and DOES 1 through 10)**

35.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

36.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-51-10, *et seq.,* for the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

37.    Pursuant to S.C. Code Ann. § 55-3-60, the owner and/or lessee of every aircraft operated over the land or waters of the State of South Carolina is absolutely liable for injuries to persons or property on the land or water beneath caused by the ascent, descent or flight of the aircraft. This statute

15

further provides that the injured person shall have a lien on the aircraft to the extent of the damage caused thereby.

38.    Plaintiff believes and therefore avers that Defendants Smith and DOES 1 through 10 were the owners and/or lessees of the Accident Aircraft that caused Bob Jones to suffer serious injury which resulted in death. As a result, Defendants Smith and DOES 1 through 10 are absolutely liable to Mrs. Jones and her minor children with Bob Jones for the great losses they have suffered, including, but not limited to, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, aid, society and services, loss of Bob Jones' experience, knowledge, judgment, advice, guidance, tutelage, counsel, services and support, loss of life's pleasures, loss of Bob Jones' protection and loss of education and training to his children, and the pecuniary value of the loss of all such services and support, loss of income and financial support, loss of earning capacity, funeral and interment expenses, estate expenses, additional costs of household maintenance, and any and all such other damages as are provided for or may be provided by the applicable law.

39.    WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. Plaintiff also prays for a lien on the Accident Aircraft to the extent of the

damage caused thereby. In addition, Plaintiff prays for any and all such other relief as the proof may show and the Court deems appropriate.

**FIFTH CAUSE OF ACTION**
**Loss of Consortium**
**(By Plaintiff, in her individual capacity, against Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10)**

40.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

41.    Plaintiff brings this action in her individual capacity as the spouse of Bob Jones and pursuant to S.C. Code Ann. § 15-75-20.

42.    As a direct and proximate result of one or more of the aforementioned defects or negligent acts of Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10, Bob Jones suffered serious injury which resulted in death. As a result, Mrs. Jones has suffered great losses including, but not limited to, the loss of companionship, aid, society and services of her spouse, Bob Jones.

43.    WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. In addition, Plaintiff prays for any and all such other relief as the proof may show and the Court deems appropriate.

17

**SIXTH CAUSE OF ACTION**
**Survival Action - Negligence**
**(By Plaintiff, as Administrator of the Estate of Robert Gary Jones, Deceased,**
**against Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and**
**DOES 1 through 10)**

44.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

45.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-5-90, *et seq.,* for the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

46.    Plaintiff believes and therefore avers that Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10 had a duty to exercise reasonable care in regard to the design, testing, manufacture, installation, assembly, maintenance, inspection, repair, overhaul and operation of the Accident Aircraft, its engine, crankshaft, propeller, components and parts, as well as the preparation of the various instructional and product support materials.

47.    Plaintiff believes and therefore avers that Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10 breached their duty by:

        a)    Failing to reasonably test, design and manufacture the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

        b)    Failing to reasonably notify and adequately warn of defects

18

and/or reasonably and adequately represent the true nature of defects in the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

c)     Failing to warn of the dangerous propensities of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

d)     Failing to correct known defects in the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

e)     Unreasonably certifying as airworthy the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

f)     Negligently and carelessly performing and/or misrepresenting the status of the maintenance, repair, overhaul, inspection, certification, installation, and testing of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

g)     Negligently and carelessly entrusting the maintenance repair, overhaul, inspection, and certification of the Accident Aircraft, its engine, crankshaft, propeller, components and parts, and the installation of these components to entities and individuals incapable of properly performing the requisite maintenance and who in fact, did improperly and negligently perform these activities on the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

h)     Negligently and carelessly failing to monitor the overhaul, maintenance, inspection, and repair activity conducted on the Accident Aircraft,

19

its engine, crankshaft, propeller, components and parts;

i)  Negligently and carelessly failing to follow maintenance instructions relating to the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

j)  Negligently and carelessly failing to follow generally accepted maintenance and overhaul techniques for the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

k)  Negligently and carelessly failing to inspect the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

l)  Negligently and carelessly failing to follow the Federal Aviation Regulations with respect to the overhaul, maintenance, and return to service of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

m)  Negligently and carelessly failing to correct known defects in the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

n)  Negligently and carelessly returning the Accident Aircraft, its engine, crankshaft, propeller, components and parts to service;

o)  Negligently and carelessly representing that the Accident Aircraft, its engine, crankshaft, propeller, components and parts were in an airworthy condition;

p)  Negligently and carelessly failing to maintain due care under the circumstances regarding known deficiencies of the Accident Aircraft, its

20

engine, crankshaft, propeller, components and parts; and

q)    Negligently and carelessly failing to use due care in the operation and landing of the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

48.    As a direct and proximate result of one or more of the aforementioned negligent acts, Bob Jones suffered pain and suffering prior to his untimely death and seeks recovery for this and any and all such other damages as are provided for or may be provided by the applicable law.

49.    WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. Plaintiff also prays for any and all such other relief as the proof may show and the Court deems appropriate.

## SEVENTH CAUSE OF ACTION
### Survival Action - Strict Liability
**(By Plaintiff, as Administrator of the Estate of Robert Gary Jones, Deceased, against Defendants TCM, Hartzell, Lancair and DOES 1 through 10)**

50.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

51.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-5-90, *et seq.,* for

the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

52.     Plaintiff believes and therefore avers that Defendants TCM, Hartzell, Lancair and DOES 1 through 10 were in the business of designing, manufacturing, overhauling, maintaining and assembling aircraft, aircraft engines, crankshafts, and propellers, as well as their components, parts, accessories, hardware, and product support materials.

53.     Plaintiff believes and therefore avers that Defendants supplied and sold their products, including the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

54.     Plaintiff believes and therefore avers that the products supplied and sold by the Defendants were in the same or substantially similar condition as they were at the time they were designed and manufactured.

55.     Plaintiff believes and therefore avers that at all times material herein, the Accident Aircraft, its engine, crankshaft, propeller, components and parts were defective, resulting in an unreasonably dangerous condition which was a substantial factor and proximate cause in the happening of the instant accident.

56.     Plaintiff believes and therefore avers that the Accident Aircraft, its engine, crankshaft, propeller, components and parts were manufactured, designed, distributed, supplied, assembled, installed and/or sold by the Defendants in a defective and unreasonably dangerous condition. The defective

22

and unreasonably dangerous condition resulted from defective manufacture and/or defective design and/or assembly and/or installation and/or failure to provide adequate warnings, and necessary installation and maintenance instructions including, but not limited to the following:

a)    Defective and inadequate instructions, warning, and information concerning the service life, repair and/or inspection requirements of the Accident Aircraft, its engine, crankshaft, propeller, components and parts;

b)    Defective design and/or manufacture of the Accident Aircraft, its engine, crankshaft, propeller, components and parts; and

c)    Defective and inadequate warnings concerning failures of the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

57.    As a direct and proximate result of one or more of the aforementioned negligent acts, Bob Jones suffered pain and suffering prior to his untimely death and seeks recovery for this and any and all such other damages as are provided for or may be provided by the applicable law.

58.    WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities.

23

Plaintiff also prays for any and all such other relief as the proof may show and the Court deems appropriate.

### EIGHTH CAUSE OF ACTION
**Survival Action - Reckless, Willful or Malicious Conduct
(By Plaintiff, as Administrator of the Estate of Robert Gary Jones, Deceased,
against Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and
DOES 1 through 10)**

59.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

60.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-5-90, *et seq.,* for the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

61.    Plaintiff believes and therefore avers that the conduct of Defendants TCM, Hartzell, Lancair, Penn Yan, Smith and DOES 1 through 10, and each of them, in causing Bob Jones to suffer pain and suffering prior to his untimely death was reckless, willful or undertaken with malice in that Defendants knew at all times that a failure of the Accident Aircraft, its engine, crankshaft, propeller, components and parts would result in a catastrophic failure with the substantial likelihood of seriously bodily injury or death.

62.    Plaintiff believes and therefore avers that the Defendants were aware of incidents and occurrences in the past of failures of similar aircrafts and their engines, crankshafts, propellers, components and parts, which caused catastrophic failure and did result in serious personal injury or death. Plaintiff further believes and therefore avers that all Defendants knew there was a

problem existing with similar aircrafts and their engines, crankshafts, propellers, components and parts.

63.    Despite this knowledge, Defendants failed to take steps to avoid the high degree of risk of catastrophic failure with the substantial likelihood of serious bodily injury or death. Had Defendants used minimal skills, exercised minimal effort, or considered seriously the high degree of risk of catastrophic failure with the substantial likelihood of serious bodily injury or death, or given the slightest consideration to the probability of death or serious bodily injury, they would not have recklessly, willfully or maliciously disregarded the serious risk of failure of the Accident Aircraft, its engine, crankshaft, propeller, components and parts.

64.    As a direct and proximate result of one or more of the aforementioned negligent acts, Bob Jones suffered pain and suffering prior to his untimely death and seeks recovery for this and any and all such other damages as are provided for or may be provided by the applicable law.

65.    WHEREFORE, Plaintiff prays that any judgment against Defendants, and each of them, include an award for punitive damages under S.C. Ann. Code § 15-51-40 in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. Plaintiff also prays

for any and all such other relief as the proof may show and the Court deems appropriate.

<u>NINTH CAUSE OF ACTION</u>
**Survival Action - Absolute Liability**
**(By Plaintiff, both individually and as Administrator of the Estate of Robert Gary Jones, Deceased, against Defendant Smith and DOES 1 through 10)**

66.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

67.    Plaintiff brings this action as the Administrator of the Estate of Robert Gary Jones, Deceased, pursuant to S.C. Code Ann. § 15-5-90, *et seq.,* for the benefit of Mrs. Jones and the minor children of Mrs. Jones and Bob Jones.

68.    Pursuant to S.C. Code Ann. § 55-3-60, the owner and/or lessee of every aircraft operated over the land or waters of the State of South Carolina is absolutely liable for injuries to persons or property on the land or water beneath caused by the ascent, descent or flight of the aircraft. This statute further provides that the injured person shall have a lien on the aircraft to the extent of the damage caused thereby.

69.    Plaintiff believes and therefore avers that Defendants Smith and DOES 1 through 10 were the owners and/or lessees of the Accident Aircraft that caused Bob Jones to suffer serious injury which resulted in death. As a result, Defendants Smith and DOES 1 through 10 are absolutely liable for the injuries suffered by Bob Jones, including but not limited to his pain and suffering prior to his untimely death, as well as any and all such other damages

26

as are provided for or may be provided by the applicable law.

70.    WHEREFORE, Plaintiff prays for judgment against Defendants for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. Plaintiff also prays for a lien on the Accident Aircraft to the extent of the damage caused thereby. In addition, Plaintiff prays for any and all such other relief as the proof may show and the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer D. Jones, both individually and as the Administrator of the Estate of Robert Gary Jones, Deceased, prays for judgment against the Defendants, and each of them, for actual and punitive damages in an amount to be determined by the Jury at the trial of this action, and for an award of interest, costs and other disbursements of this suit. Plaintiff further prays that any Statute of Repose that may be applicable to any Defendant be tolled as a result of their fraudulent activities. Plaintiff also prays for a lien on the Accident Aircraft to the extent of the damage caused thereby. In addition, Plaintiff prays for any and all such other relief as the proof may show and the Court deems appropriate.

**Plaintiff demands trial by jury on these claims.**

27

s/O. Fayrell Furr, Jr.
O. Fayrell Furr, Jr. (Fed. ID # #915)
Attorney for the Plaintiff
FURR & HENSHAW
1900 Oak Street (29577)
P.O. Box 2909 (29578)
Myrtle Beach, S.C.
(843) 626 – 7621- telephone
(843) 448 - 6445 – facsimile
fho@sc.rr.com - email

September _____, 2010.