IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION

| | |
|---|---|
| EDWARD I. SMITH,<br><br>                     **Plaintiff,**<br><br>   vs.<br><br>TELEDYNE CONTINENTAL MOTORS, INC.,<br><br>                  **Defendant.**<br><br>                   **AND**<br><br>JENNIFER DAWN JONES, individually and as Administrator of the Estate of Robert Gary Jones,<br><br>                     **Plaintiff,**<br><br>   vs.<br><br>TELEDYNE CONTINENTAL MOTORS, INC., ET AL.,<br><br>                **Defendants.** | CIVIL ACTION NO. 9:10-CV-2152-SB-WOB<br><br><br><br>**Consolidated with:**<br><br>CIVIL ACTION NO. 9:10-CV-2546-SB-WOB<br><br>**ORDER GRANTING PETITION FOR SETTLEMENT** |



This matter comes before the court on the Petition of Plaintiff Jennifer Dawn Jones, individually, as Administrator of the Estate of Robert Gary Jones, and as assignee of Edward I. Smith, to approve a wrongful death settlement reached with Defendant RPM Technik, Inc., f/k/a Penn Yan Aero Service, Inc. (Docket Entry 559). This Court previously granted the Petition. (Docket Entry 567). Thereafter, Defendant Continental Motors, Inc. ("CMI") objected to the approval of the wrongful death settlement and filed a Motion to Set Aside part of the wrongful death settlement (Docket Entry 570). The Court heard oral argument on CMI's Motion and

objections on October 8, 2013.  For the reasons set forth herein and as stated from the bench, the Court VACATES its prior Order, and GRANTS CMI's Motion.

CMI specifically objects to the language of paragraph 2 contained in the Mediation Agreement, attached hereto as Exhibit "A".  Paragraph 2 states "Penn Yan Aero shall direct its current and former employees not to voluntarily appear at the trial of this cause."

CMI argues this clause violates CMI's rights to present the former Penn Yan employees as live witnesses, arguing the clause "obstructs the pursuit of justice [and] contravenes the principals and notions of fair play in the United States Constitution," and deprives CMI of a fair trial.   CMI cites the Federal Rules of Civil Procedure and several opinions of this Court and other jurisdictions generally holding that live testimony is preferred over deposition testimony.

Plaintiff argues that three (3) of the witnesses at issue have been fully deposed, including extensive questioning by CMI.  Plaintiff argues that she decided, as part of her strategy, that it would be better to try a case against CMI as a lone defendant, rather than try the case against CMI and Penn Yan together.  Additionally, Plaintiff argues that paragraph 2 is a material element of the settlement.  As a result, Plaintiff settled with Penn Yan on the condition that Penn Yan's present and former employees not voluntarily appear at trial.

The Court agrees with CMI.   Preventing witnesses to voluntarily testify at trial is tantamount to an obstruction of justice. The Court finds the best way to remedy this violation is to remove Paragraph 2 from the Mediation Agreement, attached hereto as Exhibit "A".

THEREFORE, after due consideration out of which the causes of action or claims and proposed settlement arose, I find and conclude under the circumstances that this settlement is

2

just and reasonable and in the best interest of those persons represented by the Administrator of the Estate of Robert Gary Jones, deceased.

I FURTHER conclude that paragraph 2 of the Mediation Agreement attached hereto as Exhibit "A" is hereby deleted in its entirety and shall not be binding on either Penn Yan or its present or former employees.

I am FURTHER of the opinion and so find that the settlement, with the exception of paragraph 2 previously mentioned, is hereby approved and confirmed as provided by and S.C. Code Ann. §§ 15-51-41, *et seq*.

NOW, THEREFORE,

IT IS ORDERED that the settlement, as amended, be and hereby is approved as a fair, just, and reasonable settlement of the contest and controversy existing between the Estate of Robert Gary Jones, deceased, his heirs and beneficiaries, and Penn Yan.

IT IS FURTHER ORDERED THAT this Court's previous Order dated October 1, 2013 is hereby vacated and this Order substituted therefore.

IT IS FURTHER ORDERED that counsel to Penn Yan shall notify Penn Yan employees that consistent with this Order, they may appear voluntarily at the trial of this cause upon the payment of appropriate fees and expenses by CMI without any adverse effect to Penn Yan Aero.

AND IT IS FURTHER ORDERED that Jennifer Dawn Jones, individually and as the Administrator of the Estate of Robert Gary Jones, deceased, as well as the assignee of Edward I. Smith, whose actions are binding upon the Estate of Robert Gary Jones, deceased, and his heirs and beneficiaries, is directed, authorized, and empowered to execute such Release of All Claims, Indemnity and Hold Harmless Agreement, or other documents and to take any appropriate action

3

to effectuate and consummate the settlement, thereby relieving and forever discharging Penn Yan and its insurance companies from any liability whatsoever and from all claims and demands of whatsoever nature, including, but not limited to, all causes of action for wrongful death, which the decedent, Robert Gary Jones, his survivors, heirs, beneficiaries, and or representatives have or might have arising out of said accident.

AND IT IS SO ORDERED.

Charleston, So. Car.
October 15, 2013

SOL BLATT, JR.
UNITED STATES DISTRICT JUDGE

EXHIBIT "A"
ORDER GRANTING PETITION FOR SETTLEMENT
MEDIATION AGREEMENT
DATED SEPTEMBER 16, 2013



# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### BEAUFORT DIVISION

| | |
|---|---|
| EDWARD I. SMITH,<br><br>                   **Plaintiff,**<br><br>   **vs.**<br><br>TELEDYNE CONTINENTAL<br>MOTORS, INC.,<br><br>                  **Defendant.**<br><br>                  **AND**<br><br>JENNIFER DAWN JONES,<br>individually and as Administrator of the<br>Estate of Robert Gary Jones,<br><br>                 **Plaintiff,**<br><br>   **vs.**<br><br>TELEDYNE CONTINENTAL<br>MOTORS, INC., et al.,<br><br>                 **Defendants.** | **CIVIL ACTION NO. 9:10-CV-2152-SB**<br><br><br>**Consolidated with:**<br><br><br>**CIVIL ACTION NO. 9:10-CV-2546-SB**<br><br><br>**MEDIATION AGREEMENT** |

In a mediation conducted on this 16th day of September, 2013, the below named parties

agreed to the following terms:

PARTIES: PLAINTIFF JENNIFER DAWN JONES ("JENNIFER D. JONES")

              DEFENDANT RPM TECHNIK, INC., F/K/A PENN YAN AERO SERVICE, INC. ("PENN

              YAN AERO")

1.  Penn Yan Aero shall pay to Jennifer D. Jones $165,000.00 within ten (10) days of the

    Court's approval of the settlement made payable to Callahan & Blaine Trust Account;

2.  ~~Penn Yan Aero shall direct its current and former employees not to voluntarily appear at the~~

    ~~trial of this cause;~~



10/8/13

EXHIBIT

A

3. Penn Yan Aero shall write letters (example attached as Exhibit "A") to its other witnesses that the case has settled and that the witnesses have no obligation to cooperate with Jennifer D. Jones or with Defendant CMI;

4. Jennifer D. Jones has executed a general release (attached as Exhibit "B" to this Agreement") releasing all claims on account of the matters raised in the above captioned lawsuits, including the claims assigned to Jennifer D. Jones by former Defendant Edward I. Smith;

5. Penn Yan will instruct its counsel and law firms not to represent Continental Motors, Inc., formerly known as Teledyne Continental Motors in this matter namely Case No. 9:10-cv-2152-SB-WOB, consolidated with 9:10-cv-2546-SB-WOB.

6. Penn Yan Aero will instruct its counsel and law firms to maintain all confidential information gained in the course of representing Penn Yan Aero.

7. Plaintiff will cooperate in having a dismissal with prejudice entered by the court; and

8. The parties shall split the mediation fees.

RPM Technik, Inc., f/k/a Penn Yan Aero Service, Inc.
By: William Middlebrook, President

Dated: _9·16·13   7:49AM EST_

Jennifer Dawn Jones, individually and as Administrator of the Estate of Robert Gary Jones

Dated: _9/16/2013_

John Hamilton Smith, Mediator
Dated: _1/12/2017_

By: _____
(Print Name)

Its: _____

Dated: _____

By: _____
(Print Name)

Its: _____

Dated: _____

By: _____
(Print Name)

Its: _____

Dated: _____

By: _____
(Print Name)

Its: _____

Dated: _____

EXHIBIT "A"

Letters to Penn Yan Aero's other witnesses



Exhibit "B"

GENERAL RELEASE



STATE OF SOUTH CAROLINA

BEAUFORT COUNTY

RECEIPT AND GENERAL
RELEASE IN FULL

KNOW ALL MEN BY THESE PRESENTS that the undersigned JENNIFER DAWN JONES, for and on behalf of herself individually and as well as herself as Administrator of the ESTATE OF ROBERT GARY JONES, their heirs, successors, assigns, and devisees,

AND JENNIFER DAWN JONES, as assignee of Edward I. Smith pursuant to that Settlement Agreement approved by the United States District Court in the Aircraft Litigation described herein below, for and on behalf of herself individually and as well as herself as Administrator of the ESTATE OF ROBERT GARY JONES, their heirs, successors, assigns, and devisees,

UPON PAYMENT AND FOR AND IN CONSIDERATION OF the sum of One Hundred and Sixty-Five Thousand Dollars ($165,000), to her in hand paid by and on account of RPM TECHNIK, INC., f/k/a PENN YAN AERO SERVICES, INC.,, does for herself, her successors and assigns,

DO HEREBY REMISE, RELEASE, ACQUIT AND FOREVER DISCHARGE RPM TECHNIK, INC. f/k/a PENN YAN AERO SERVICES, INC., their owners, members, agents, servants, employees, sureties, insurance companies, including *__Allianz Aviation Managers, LLC,__* *__Allianz Global Risks US Insurance Company, Allianz of America, Inc. and Allianz Global__* *__Corporate & Specialty__*, successors and assigns, and all other persons, firms, corporations, and associations or partnerships, whether herein named or referred to or not, and who, together with the above named, may be jointly or severally liable to the undersigned JENNIFER DAWN JONES or THE ESTATE OF ROBERT GARY JONES, and their successors and assigns,

1

NPCHAR1:1214694.1

OF AND FROM ANY AND ALL CLAIMS, demands, debts, rights, actions, causes of action, costs, loss of service, loss of business, loss of consortium, pain and suffering, loss of enjoyment of life, loss of companionship, comfort, and society, loss of wages, medical costs, funeral expenses, fees, property damage, expenses and compensation of whatsoever nature, now existing or which may hereinafter accrue, and all known and unknown, foreseen and unforeseen damages and the consequences thereof which were a result of an aircraft accident occurring on or about March 15, 2010, involving an Lancair IV-P aircraft owned and piloted by EDWARD I. SMITH, which resulted in the death of ROBERT GARY JONES, and any related claims, including, but not limited to the allegations in the Complaint entitled *JENNIFER DAWN JONES vs. TELEDYNE CONTINENTAL MOTORS, INC.,* et al., filed under Civil Action Number 9:10-CV-2546-SB in the United States District Court for the District of South Carolina, pending in the Beaufort Division, as well as the Complaint entitled *EDWARD I. SMITH vs. TELEDYNE CONTINENTAL MOTORS, INC., et al., filed under Civil Action Number 9:10-CV-2152-SB in the United States District Court for the District of South Carolina, also pending in the Beaufort Division* (collectively, "the Aircraft Litigation").

JENNIFER DAWN JONES REPRESENTS that there is NO subrogation or lienholder interest as to the claims herein released.

JENNIFER DAWN JONES FURTHER REPRESENTS and AGREES to pay and satisfy any and all subrogation interests and liens out of the proceeds paid herein and to indemnify and hold harmless RPM TECHNIK, INC. F/K/A PENN YAN AERO SERVICES, INC.

IN CONSIDERATION OF THE ABOVE PAYMENT, JENNIFER DAWN JONES ALSO AGREES that this settlement is the compromise of a disputed claim and that payment made in settlement thereof is not to be construed as an admission of liability on the part of the

2

party hereby released, and that said RPM TECHNIK, INC. f/k/a PENN YAN AERO SERVICES, INC. deny liability of any nature or kind to JENNIFER DAWN JONES.

JENNIFER DAWN JONES ALSO AGREES, as a further consideration and inducement for this compromise settlement, that the settlement shall apply to unknown and unanticipated damages resulting from the above-described incident and Aircraft Litigation, as well as to those now disclosed.

JENNIFER DAWN JONES FURTHER DECLARES and represents that no promise, inducement or agreement except as herein expressed has been made to JENNIFER DAWN JONES, and this release contains the entire agreement between the parties hereto, and the terms of this release are contractual and not a mere recital.

JENNIFER DAWN JONES FURTHER AGREES that the consideration paid in this compromise and settlement is and shall be a complete bar to any subsequent action or proceeding to set aside or vacate this instrument because of a mistake in fact or otherwise.

JENNIFER DAWN JONES REPRESENTS that she consulted with her attorneys before entering into a settlement and before executing this Release, and she executes this Release voluntarily and of her own free hand.

IN WITNESS WHEREOF JENNIFER DAWN JONES executes this Receipt and General Release in full this 16th day of September, 2013, in the presence of the below named witnesses.

I HAVE READ THE FOREGOING RELEASE.

In the presence of:

THE ESTATE OF ROBERT GARY JONES

_____
WITNESS

_____
JENNIFER DAWN JONES

3

NPCHAR1:1214694.1

_____       ADMINISTRATOR
WITNESS

_____       _____
WITNESS                   JENNIFER DAWN JONES
                            Individually
_____
WITNESS
STATE OF SOUTH CAROLINA

                                 ACKNOWLEDGMENT UNDER OATH

DORCHESTER COUNTY

     PERSONALLY before me this 16th day of September, 2013, came JENNIFER DAWN JONES, known to me to be the one who executed the foregoing receipt and general release in full and, after having been duly sworn by me, acknowledged to me under oath that she understood its contents and freely executed the same for the consideration therein expressed.

_____
Notary Public for South Carolina
My Commission Expires: 1/12/2017



4

NPCHAR1:1214694.1

LAW OFFICES

## LOWE & ASSOCIATES, P.C.

VICTORIA CENTER • 205 KING STREET • SUITE 201
CHARLESTON, SC 29401
843-725-4500
FAX: 843-725-4508

October 7, 2013

Mr. David Nielsen
946 Voak Road
Penn Yan, New York 14527

            Penn Yan Lawsuit – Claim by Jennifer Jones

Dear David:

        Please let this letter serve to advise you that the lawsuit arising out of the February 21, 2002 Magnetic Particle Inspection that you performed has been settled.

        On behalf of RPM Technik, Inc., formerly known as Penn Yan Aero Services, Inc., we thank you for your kind assistance.

                                        Very truly yours,

                                        Robert J. Lowe, Jr.

RJLjr/gme





EXHIBIT
B

LAW OFFICES

## LOWE & ASSOCIATES, P.C.

VICTORIA CENTER • 205 KING STREET • SUITE 201
CHARLESTON, SC 29401
843-725-4500
FAX: 843-725-4508

October 7, 2013

Mr. Jeffrey Paust
FORENSIC METALLURGY, LLC
2201 South Ocean Drive
Unit 408
Hollywood, Florida 33019

Termination of Expert Services – Penn Yan Aero

Dear Jeff:

Please let this letter serve to advise you that the lawsuit arising out of the March 15, 2010 Lancair IV-P accident in which you and I have been working has been settled.  Please send me your final bill as soon as practical.

On behalf of RPM Technik, Inc., formerly known as Penn Yan Aero Services, Inc., we thank you for your kind assistance.

Very truly yours,

Robert J. Lowe, Jr.

RJLjr/gme